UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CANTANYA STEVENSON, individually and on behalf of persons similarly situated,**<br><br>　　**Plaintiff**<br>**v.**<br><br>**MIAMINOLA ENTERPRISES, LLC, ENVIE FQ LLC, and HASAN ERGEN,**<br>　　**Defendants.** | **CIVIL ACTION NO.**<br><br><br>**JUDGE**<br><br><br>**MAGISTRATE JUDGE** |

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Cantanya Stevenson ("Stevenson"), individually and on behalf of all others similarly situated, brings this action and alleges as follows:

**I. NATURE OF THE ACTION**

1.　This is a collective action brought on behalf of Stevenson who previously worked as an employee of defendants Miaminola Enterprises, LLC ("Miaminola") and Envie FQ LLC ("Envie"), and on behalf of all similarly situated former and current employees of Miaminola and Envie (hereinafter referred to as "Plaintiffs" or the "FLSA Collective Plaintiffs").  Plaintiffs complain that defendants Miaminola, Envie, and their common owner and manager Hasan Ergen ("Ergen") (collective referred to as "Defendants") engaged in a pattern or practice of unlawful conduct which resulted in the violation of their rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## II. JURISDICTION

2. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce) and 29 U.S.C. § 216(b) (the FLSA). The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

3. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. See 28 U.S.C. § 1391(b).

## IV. PARTIES

4. Stevenson is a citizen of the United States, domiciled in the New Orleans, Louisiana, and worked for Defendants at their locations in New Orleans, Louisiana. Stevenson routinely worked for Defendants more than 40 hours per week but was no paid overtime for all hours worked over forty in a workweek.

5. Named a defendant herein is Miaminola Enterprises, LLC ("Miaminola"), a Louisiana limited liability company, authorized to do and doing business in the State of Louisiana, Parish of Orleans;

6. Named a defendant herein is Envie FQ LLC ("Envie"), a Louisiana limited liability company, authorized to do and doing business in the State of Louisiana, Parish of Orleans;

7. Named a defendant herein is Hasan Ergen ("Ergen"), a person of majority residing in the State of Louisiana and an owner, member, and manager of the Miaminola and Envie.

## V. FACTUAL ALLEGATIONS

8. The FLSA Collective Plaintiffs were hired by Defendants to work in restaurants in New Orleans that are owned and operated by Defendants under the trade names "The Bean Gallery" and "Envie Expresson Bar and Cafe as a restaurant workers in both Miaminola and Envie, both commonly owned and managed by Ergen.

9. At all material times, the FLSA Collective Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all material times, the FLSA Collective Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

11. At all material times, the FLSA Collective Plaintiffs were the "employees" of Defendants within the meaning of the FLSA.

12. At all material times, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000 per year during the relevant time periods.

14. At all material times, the work performed by the FLSA Collective Plaintiffs was directly essential to the business performed by Defendants.

15. Plaintiffs routinely and as part of their regular duties for Defedants, worked interchangeably between Defendants' locations, which operate as a unified entity under a unified general management.

16. Plaintiffs routinely worked more than 40 hours per week for Defendants; however, Plaintiffs were not paid overtime for all hours worked over forty in a workweek.

17. Instead, Defendants operated under a scheme whereby they would transfer Plaintiffs from location to location for the purposes of avoiding and/or reducing the compensation owed to employees based on the FLSA's overtime requirement for hours worked over forty in a workweek, although Plaintiffs routinely worked more than 40 total hours in a workweek for Defendants. For example, in the pay period beginning on November 28, 2016 and ending December 11, 2016, Plaintiff Stevenson's hourly rate was $12.50 an hour, Plaintiff performed 80.8 hours of work at Defendant Miaminola Enterprises LLC, Plaintiff received .8 of an hour of overtime pay from Defendant, while during the same pay period Plaintiff additionally worked 42.60 hours at Defendant Envie FQ LLC but Plaintiff received no overtime premium for the overtime hours worked.

18. Plaintiffs only applied one time to work at all of Defendants' locations; if Plaintiffs were fired from one of Defendant's locations, then Plaintiffs were fired from all of Defendants' locations; for all intents and purposes, Plaintiffs were employees of Defendants as a whole and its associated corporate entities, and not the individual locations.

## VI. JOINT EMPLOYER ALLEGATIONS

19. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

20. Defendants operate a network of restaurants in New Orleans, including under the trade names "The Bean Gallery" and "Envie Expresson Bar and Cafe".

4

21. Although Defendants make a showing of registering as individual business entities, both corporate Defendants have the same principal place of business and mailing address, all are operated by Defendant Ergen or are entities that he owns, and operates.

22. There is nothing to distinguish the appearance and operation of a Defendant location except for their registered entity names.

23. In addition, Defendants all share the same employees, and Plaintiffs, as well as Defendants' other employees, were routinely scheduled to work among Defendants' various locations including locations at "The Bean Gallery" and "Envie Expresso Bar and Cafe".

24. Defendants operate under common and unified management.

25. At all pertinent times, Defendants operated in a concerted scheme to transfer Plaintiffs and other employees from one store to another for the purposes of avoiding and/or reducing the compensation owed to employees based on the FLSA's overtime requirement for hours worked over forty in a workweek, although Plaintiffs routinely worked more than 40 total hours in a workweek for Defenants.

26. At all pertinent times, Defendants paid Plaintiffs and other employees their wages purportedly from each shop where they worked under the pretense that they were wholly separate, unrelated corporate entities. However, Defendants' payroll procedures and processes are unified for each Defendant.

27. Defendants' purpose in scheduling and paying Plaintiffs and other employees in this manner was to avoid or reduce the amount of compensation paid to these employees for the work they performed for Defendants in excess of 40 hours per week.

28. Pursuant to 29 C.F.R. § 791.2, Defendants constitute Plaintiffs' "joint employers' under the FLSA because their "employment by one employer is not completely disassociated from employment by the other employer(s)," and therefore "all of the employee[s'] work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."

## VII. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

30. Stevenson bring this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who are or were kitchen workers jointly employed by Defendants since May 30, 2014 (the "FLSA Collective Plaintiffs").

31. Stevenson brings this case as a collective action under the FLSA to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and all other damages owed to her and all similarly situated employees of Defendants.

32. Upon information and belief, there are numerous members of the FLSA Collective Plaintiffs who have been affected by Defendants' improper policies and practices based on the number of current employees of Defendants, the Defendants' treatment of all of its employees in the same manner, and the turnover rate of Defendants in the last three years. It would be impractical to join all of those employees and former employees in this action.

33. The precise number of FLSA Collective Plaintiffs can be easily identified and located using Defendants' timesheets, payroll, and personnel records. Given the

composition and size of the FLSA Collective Plaintiffs, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail and email.

34. This action is properly maintained as a collective action because Stevenson is similarly situated to the collective action members she seeks to represent. Stevenson and similarly situated employees were subject to the same uniform job scheduling policies, payment practices, and operational procedures. Further, Defendants' willful policy or practice, whereby it has failed to pay its joint employees proper wages and overtime compensation for all hours worked over forty (40) hours per week, has affected Stevenson and similarly situated employees in the same fashion, and Stevenson is in the best position to represent all members of the FLSA class as a whole.

35. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves the most expeditious use of the Court's time and resources, as well as avoiding multiple actions on these issues with potential for differing or inconsistent judgments.

36. Plaintiffs request the Court to authorize notice to the FLSA Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid minimum wages and overtime compensation and liquidated damages under the FLSA.

## VIII. COUNT ONE

## FAIR LABOR STANDARDS ACT – OVERTIME WAGES

37. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Defendants were joint employers covered by the overtime pay mandates of the FLSA, and Plaintiffs and the FLSA Collective Plaintiffs are current and former employees entitled to the FLSA's overtime protections.

39. The FLSA requires that employees who work over 40 hours in a workweek receive overtime compensation "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(2).

40. Defendants violated the FLSA by failing to pay Plaintiffs and the FLSA Collective Plaintiffs the legally mandated hourly overtime premium for hours worked over 40 in a workweek when Plaintiffs often worked many hours in excess of 40 hours.

41. Defendants' failure to pay Plaintiffs and FLSA Collective Plaintiffs federally-mandated overtime is the result of a deliberate scheme whereby which Defendants sought to avoid or reduce paying overtime by claiming that they did not owe overtime to Plaintiffs and other employees unless they worked in excess of 40 hours per week at one location.

42. Defendants took care to avoid scheduling Plaintiffs and the FLSA Collective Plaintiffs to work more than 40 hours at one location, although they routinely scheduled Plaintiffs and the FLSA Collective Plaintiffs to work more than 40 hours total for all Defendants.

43. Plaintiffs and the FLSA Collective Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of forty (40) hours.

44. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Stevenson and the FLSA Collective Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

45. At all material times, Defendants failed to maintain proper time records as mandated by the FLSA.

46. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate the FLSA Collective Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per week when Defendants knew, or should have known, such was and is due.

47. Defendants have failed to properly disclose or apprise the FLSA Collective Plaintiffs of their rights under the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendants, the FLSA Collective Plaintiffs suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

50. Stevenson's consent to file this Complaint is evidenced by her signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

51. Plaintiffs are entitled to an award of prevailing party attorney's fees pursuant to the FLSA 29 U.S.C. § 201-209.

## IX. JURY DEMAND

52. Plaintiffs demand a trial by jury of all issues in this action that may be tried by jury.

## IX. PRAYER FOR RELIEF

**WHEREFORE,** Stevenson, on behalf of herself and the FLSA Collective Plaintiffs, respectfully prays for judgment against Defendants as follows:

    a.    an injunction prohibiting Defendants from engaging in future overtime pay violations;

    b.    payment of unpaid overtime wages to the FLSA Collective Action Plaintiffs;

    c.    liquidated damages and monetary penalties to the fullest extent permitted under the law;

    d.    litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law;

    e.    legal interest and such other and further relief as this Court deems just and proper.

    f.    In the event that Plaintiffs do not recover liquidated damages as allowed, then Plaintiffs demand an award of prejudgment interest as a lesser alternative to liquidated damages.

Respectfully submitted,

*/s/ Robert B. Landry III*
Robert B. Landry III  (#18998)
rlandry@landryfirm.com
**ROBERT B. LANDRY III, PLC**
5420 Corporate Boulevard, Suite 204
Baton Rouge, Louisiana 70808
Telephone:     (225) 349-7460
Facsimile:      (225) 349-7466

**COUNSEL FOR PLAINTIFFS**